Burket, J.
The relator founds his claim to a pension upon the act of April 13, 1892, 89 O. L., 259, and especially upon section 17 of the act, which is as follows:
‘ ‘In case of a partial permanent disability of any member of said fire department, caused in or induced by the actual performance of the duties of his position as such member, or which shall have occurred before the expiration of ten years’ service in said fire department, the chief engineer, fire marshal, or fire chief of such fire department,upon an examination of such partially permanently disabled member by the medical officer ordered by the board of trustees, shall have power to relieve such partially permanently disabled member from actual service at fires, and the said board of trustees, upon such member being so relieved, shall authorize the payment to such partially permanently disabled member, monthly from said pension-fund, a sum not less than thirty dollars nor more than forty dollars, or in proportion to the number of beneficiaries of said fund (as the condition of said pension fund) may warrant. The member so partially permanently disabled and relieved from active service at fires, shall remain a member of said fire department, subject to the rules governing the same, and may be ordered by the said official head of said fire department to the *391 performance of such light duties as the medical officer ordered by said official head of said fire department may certify him qualified to perform, and the said official head of said fire department shall, out of the general fund of said fire department, fix and pay such additional compensation for the performance of said light duties as the circumstances and merit of each case (in its discretion) may warrant. Such pension and additional compensation so paid to such partially permanently disabled member mentioned in this and the preceding sections of this act, shall be in lieu of any salary received by such member at the date of his being so relieved from active service at fires, and the said city shall not be liable for the payment of any other claim or demand for services hereafter rendered by such partially permanently disabled member.”
If the subject-matter of this act — pensioning firemen — is of a general nature, and it seems to be so, it is difficult to maintain the constitutionality of the act, in view of the recent decision of this court in the ease of the City of Cincinnati v. Steinkamp, 54 Ohio St., 284; but as that question was not argued or even mentioned in the briefs of counsel, it is left undecided.
To entitle a person to a pension under this statute, it must appear that he is a member of the fire department, that he has a partial permanent disability, that such disability was caused in, or induced by, the actual performance of the duties of his position as such member, or that the disability occurred before the expiration of ten years’ service in the fire department.
As to what is meant by this sentence, ‘ ‘or which shall have occurred before the expiration of ten years’ service in said fire department, ” it is diffi *392 cult to determine. To say that the “or” should be read “and,” it would make the statute read that in order to be. entitled to the pension, the disability must have occurred during the first ten years of his service as fireman, and yet it would be naturally supposed that a disability occurring after ten years of service, would be as meritorious as a like disabilily occurring earlier. To hold that the word “or,” really means “or,” then the sense would be that any partial permanent disability occurring during the first ten years of service, would entitle the fireman to a pension, even though such disability was not caused in, or induced by, the actual performance of his duties as such member. So it seems that in either sense of the word “or, ” this sentence does not comport with the spirit of the remainder of the statute, and is most likely the result of some mistake, as it seems to lead to an absurdity.
But as this sentence is not the point upon which this case turns, it may be left out of further consideration, and this case may be determined upon the other necessary facts.
How and by whom are these other necessary facts to be ascertained? It would seem that the first step should be by the disabled fireman himself in the form of an application to the board for a pension, and such was the course pursued in ■ this ease. Upon such application being made, the board of trustees must become satisfied in some manner that the applicant is a member of the fire department. That being determined in his favor, the next step is to ascertain whether his alleged disability was caused in, or induced by, the actual performance of the duties of his position as such member! By whom shall this be ascertained and *393 determined? The statute does not expressly say, but manifestly it is to be done by the trustees, because it is by the existence of that fact, that the trustees became authorized to order his examination by the medical- officer; and as there is no other person named to ascertain that fact for them, it must follow that they must determine it for themselves. As the statute provides for no appeal or review from the finding and determination of the trustees as to what caused or induced his disability, it must follow that the findings and determination of the trustees in that behalf are' final. It is a rule of construction, that where a new'right with its remedy is given by statute, and there is no provision for a review or appeal from the determination of those who administer the statute creating the right, such determination is usually final. In such case an adverse decision cannot be overcome by appeal or original petition to a court of justice. Had the legislature intended that the cause of the disability should be ascertained by litigation in court, it would have made provision therefor in the statute. The theory of the act seems to be that the board of trustees can be trusted to do full justice in each case.
In case the board of trustees find that the alleged disability was caused in, or induced by, the actual performance of the duties of the fireman’s position as such member of the fire department, it becomes the duty of the board to order his examination by the medical officer and upon refusal to order such examination the board may be compelled to do so by mandamus.
Upon being ordered to do so by the board of trustees it becomes the duty of a medical officer to examine the applicant and determine whether he; *394 is disabled and whether such disability is partial or total, and whether of a permanent or temporary nature, and his determination in good faith is final, as there is no provision for a review or re-examination.
Should the applicant, upon such examination, so duly ordered, be found to be partially and permanently disabled, the chief engineer, fire marshal and fire chief have jjower to relieve such applicant from actual service at fires, but such chief engineer, fire marshal and fire chief cannot be ’ compelled to exercise such power; but if they or either of them do exercise such power, and do in fact relieve such applicant from actual service at fires, and still retain him as a member of the fire department, then it becomes the duty of said board of trustees to authorize the payment to him of a pension of from thirty to forty dollars per month as the state of the pension fund may warrant, and upon refusal to do so, may be compelled by writ of mandamus.
The relator states the facts of his case very meagerly in his petition, in this, that while he avers that he made his application for pension to the board of trustees, he fails to aver that the board found and determined that his alleged disability was caused in, or induced by the actual performance of the duties of his position as such member; and while he avers that he was examined by the medical officer upon the order of the board of trustees, he fails to aver that upon such examination the medical officer found him with a partial permanent disability. But granting that these omitted averments are necessarily implied from the facts stated and allegations in the petition, if they are so implied, they are denied by *395 the general denial in the answer, and upon the trial required proof.
How then stands the proof upon the trial? There is no evidence tending to prove that the trustees found and determined that the alleged disability was caused in, or induced by, the actual performance of the duties of the applicant’s position as such member of the fire department. There is no evidence tending to prove that any examination by the medical officer was ordered by the board of trustees, and no evidence tending to prove that the board of trustees refused to make such order. There is no evidence tending to prove that an examination was made by such medical officer under such order.
Without a determination by the trustees that the alleged disability was caused in or induced by the actual performance of the duties of his position as such member, without an order of the trustees based thereon for his examination by the medical officer, and without such examination under such order, the chief engineer, fire marshal and fire chief had no power to relieve him from actual service at fires with a view of having him placed upon the pension rolls, and if they, or either of them, did so relieve him, such action did not authorize said trustees to cause him to be placed upon the pension rolls.
Counsel for relator in their brief, in speaking of the duty of the board of trustees to pass upon his application, say: “It is sufficient to say that the board of trustees never did pass upon the application of the relator. On the contrary, they failed and refused to pass upon it. ” If this be true the board should have been compelled to act upon the application, but the result of their action would *396 rest within their own sound judgment. Failure of the board to act, would not supply the place of favorable action by the board, because upon acting on the application, the board might find and determine that the alleged disability was not “ caused in, or induced by, the actual performance of the duties of his position as such member.”
Suppose the partial permanent disability was caused by a railroad wreck on an excursion while' the fireman was enjoying a vacation off duty, or while taking a pleasure ride with his own team, it would not be contended that such injury would entitle him to a pension; and in case of his application for a pension for such or any other injury the first duty, and first step of the trustees, after ascertaining that he is a member of the fire department must be to determine whether the alleged disability was caused in, or induced by, the actual • performance of the duties of his position as such member, or by some other cause, and such determination in good faith, must be final.
If it be true that the board refused and neglected to act upon the application of the relator, it should be compelled by mandamus to take such action, and determine how the alleged disability was ' caused, unless it should appear that the applicant, at the time of making his application, was not a member of the fire department.
If he was not a member at that time, but- had been wrongfully discharged, he must first secure a reinstatement, but if he had been properly and legally discharged before making his application, so that he was not at that time a member of the department, he was not entitled to the benefits of the pension fund, and in such case the board was under no obligation to determine the cause of his alleged disability.
*397 A fireman may be lawfully discharged for many causes other than disability, and if he so conducts himself after he has become disabled as to warrant his discharge, and the proper officer in fact discharges him for such misconduct, he cannot thereafter while no longer in the department, legally claim the benefits of the pension fund.
It is urged by counsel for defendant in error that the petition should be amended so as to conform to the evidence.
The case is one of failure of proof, and to amend the petition so as to conform to the evidence, would so weaken the same as not to be sufficient to sustain the judgment.
Amending the petition to conform to the .evidence, is available only, when the evidence is stronger than the petition; but here the petition is much stronger than the evidence, so that an amendment would only make the case worse. It follows that the judgment of the circuit court must be reversed, and the ease remanded to that court for a new trial, or such other disposition as the facts and law of thecase may warrant.

■Judgment reversed and case remanded.